Lin v. Holder

BIA
A077 654 462

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand fourteen.

PRESENT:
>    ROSEMARY S. POOLER,
>    REENA RAGGI,
>    PETER W. HALL,
>         *Circuit Judges.*

_____

YUN LIN,
>         *Petitioner,*

>    v.                                    12-3973
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Ernesto H. Molina,
                         Jr., Assistant Director; Dana M.
                         Camilleri, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yun Lin, a native and citizen of China, seeks review of a September 28, 2012, decision of the BIA denying her motion to reopen her removal proceedings. *In re Yun Lin*, No. A077 654 462 (B.I.A. Sept. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings must file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's second motion to reopen, filed in 2012, was untimely and number-barred because her removal order became final in 2003. *See* 8 U.S.C. § 1101(a)(47)(B)(i).

Lin contends that the Chinese government's awareness of her religious activities in the United States, and changed conditions for Christians in China, constitute a material change in country conditions excusing her motion from the applicable time and number limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). We do not reach that issue, however, because we hold that the BIA did not abuse its discretion in denying Lin's motion based on her failure to demonstrate her prima facie eligibility for the underlying substantive relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain such relief" (internal quotation marks omitted)).

Contrary to Lin's assertions, the BIA did not abuse its discretion by according her individualized evidence diminished weight. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (stating that the

2

weight accorded to an applicant's evidence lies largely within the discretion of the agency).  The BIA reasonably declined to credit Lin's handwritten, unsigned, and unauthenticated village committee notice based, in part, on the fact that her credibility had previously been called into question in earlier proceedings.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).  Similarly, the BIA did not abuse its discretion in according the letters from Lin's father and aunt diminished weight because they were from interested witnesses not subject to cross-examination.  *See Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Lin's contention that the BIA ignored certain media reports contained in her evidence of country conditions is also misplaced.  *See Xiao Ji Chen*, 471 F.3d at 336 n.17 (noting that the agency is presumed to have "taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").  Indeed, the BIA explicitly cited to the media reports that Lin contends were ignored when it noted that the country conditions evidence contained reports of the detention of some leaders of underground, or house, churches and harassment of church members.

Accordingly, Lin has not demonstrated that the agency abused its discretion in denying her motion to reopen based on her failure to demonstrate her prima face eligibility for relief.

The petition for review is DENIED.  As we have completed our review, the motion for a stay of removal in this petition is DISMISSED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

3